UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Paper Thermometer Company,
Inc. and Joseph D. Loconti

    v.                                          Civil No. 10-cv-419-SM

Nathanael Murray, Individually
and d/b/a Dishtemp Safety Company,
William Duerig and Cathleen L. Duerig


**O R D E R**

Plaintiffs Paper Thermometer Company, Inc. ("PTC") and Joseph D. Loconti ("Laconti") bring this lawsuit against defendants Nathanael Murray ("Murray"), his business, Dishtemp Safety Company ("Dishtemp"), and William and Cathleen L. Duerig (collectively "the Duerigs"). PTC manufactures and sells paper thermometers. The Duerigs are former PTC employees. Plaintiffs allege that the Duerigs have stolen PTC trade secrets and breached a non-competition agreement while assisting Murray in setting up his competing and infringing business, Dishtemp.

Before the court is document no. 28, the Duerigs' motion to compel plaintiffs to produce discovery responsive to their first set of interrogatories ("Interrogatories") and requests for production ("RPOD"). For the reasons that follow, the motion is granted in part and denied in part.

**Rules**

Fed. R. Civ. P. 26(b)(1) allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense." "[W]hen an objection arises as to the relevance of discovery, the court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it, so long as it is relevant to the subject matter of the action." In re Subpoena to Witzel, 531 F.3d 113, 118 (1st Cir. 2008) (internal citation and quotation marks omitted); In re Sealed Case (Med. Records), 381 F.3d 1205, 1215 n.11 (D.C. Cir. 2004) (recognizing that Rule 26 distinguishes discovery relevant to claims or defenses from discovery relevant to the subject matter of the action, and that the rule tolerates discovery of both).

The court "must limit the frequency or extent of discovery otherwise allowed" if and when it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . . .

Fed. R. Civ. P. 26(b)(2)(C). Rule 37(a) of the Federal Rules permits a party to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).

"[T]he purpose of pretrial discovery is to 'make trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'" Wamala v. City of Nashua, No. 09-cv-304-JD, 2010 WL 3746008, at *1 (D.N.H. Sept. 20, 2010) (quoting Macaulay v. Anas, 321 F.3d 45, 53 (1st Cir. 2003)). In this court, the party moving to compel discovery over an adversary's objection bears the burden of showing that the information he seeks is relevant and not privileged. Id. at *2; see also Saalfrank v. Town of Alton, No. 08-cv-46-JL, 2009 3578459, at *3 (D.N.H. Oct. 27, 2009).

On the other hand, a party invoking a "privilege bears the burden of establishing that it applies to the communications at issue and that it has not been waived." XYZ Corp. v. United States of America (In re Keeper of the Records (Grand Jury Subpoena Addressed to XYZ Corp.), 348 F.3d 16, 22 (1st Cir. 2003) (addressing attorney-client privilege). With regard to invocations and privilege:

> When a party withholds information otherwise discoverable by claiming that the information is privileged . . . the party must:

> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A). "A blanket assertion of privilege is insufficient. Rather, the applicable privilege must be claimed for each document withheld." 6 James Wm. Moore, Moore's Federal Practice § 26.90[1], at 26-493 (3d ed. 2010).

## Application

With the foregoing principles as a backdrop, the court turns to the specific discovery requests at issue.

### 1. Privilege Log.

In plaintiffs' original response to defendants' discovery requests, plaintiffs asserted objections on the basis of the attorney-client privilege but provided no privilege log. In the motion to compel, defendants seek an order directing plaintiffs to provide a privilege log. Since the filing of this motion, plaintiffs have produced a privilege log. See Doc. no. 44-11. As defendants do not complain about the sufficiency of that log in their reply brief, the court presumes that this dispute is resolved.

2. <u>Production of Electronically Stored Information ("ESI")[1] and documents related to PTC Resellers.</u>

Central to plaintiffs' trade-secret and breach-of-contract claims against the Duerigs is the allegation that the Duerigs shared PTC trade secrets with Dishtemp so that Dishtemp could manufacture and sell PTC thermometer products as its own. In response, the Duerigs argue, <u>inter alia</u>, that because PTC allowed certain customers to resell and repackage its products, any assistance the Duerigs provided to Murray and Dishtemp to do the same cannot constitute contributory copyright infringement, false advertising, or breach of the noncompetition argument.[2] Plaintiffs do not dispute the Duerigs' entitlement to the discovery; rather, plaintiffs argue that they have provided everything the Duerigs requested.

Apparently, the Duerigs were aware of the names of certain PTC Resellers but asked in discovery for plaintiffs to produce "all" such names and any documentation related to PTC Resellers. <u>See</u> Interrogatory Nos. 16-17 (doc. no. 28-3) and RPOD Nos. 16-18

---

[1] The court notes that the discovery order in this case provides that "Any electronic documents shall be produced in TIFF files." Plaintiffs concede that the only ESI that they have provided to defendants is in "paper format." Doc. no. 37, at 4. As defendants are not disputing the format of the ESI plaintiffs have provided, the court does not address that issue.

[2] For the sake of simplicity, the court refers throughout this order to the alleged resellers and repackagers of PTC products as "PTC Resellers."

(doc. no. 28-2).  According to the Duerigs, since the filing of its motion to compel, plaintiffs have produced invoices from 2009 and 2010 for the PTC Resellers identified by the Duerigs.  In their objection, plaintiffs assert that they have provided "all responsive materials concerning the customers <u>identified by the Duerigs</u> as allegedly having been permitted to re-sell paper thermometers."  Doc. no. 37, at 5 (emphasis added).

    The Duerigs are correct to ask for the names of PTC Resellers not known to them, and are entitled to all documents, ESI and other records responsive to their discovery requests concerning the PTC Resellers.  <u>See</u> Interrogatory Nos. 16-17 (doc. no. 28-3) and RPOD Nos. 16-18 (doc. no. 28-2).  The court orders plaintiffs to conduct a more comprehensive search for such records.  To the extent plaintiffs are unable to locate any additional records, plaintiffs shall certify such fact in writing to defendants, along with a description of their search methodology, which certification shall satisfy plaintiffs' obligations under this order.  To the extent the Duerigs' motion seeks discovery of ESI or records other than that discussed above, the motion is denied.

3. <u>Documents and ESI related to the creation of the alleged trade secrets and website.</u>

Defendants request a court order compelling plaintiffs to produce documents and ESI related to the creation of the alleged trade secrets at issue in the case and the PTC website. Plaintiffs respond by asserting that they have produced every document they possess which is responsive to these discovery requests. The Duerigs have provided the court with no reason to doubt plaintiffs' assertion. The court will not order plaintiffs to provide documents which they maintain do not exist. Plaintiffs have satisfied their obligations with respect to this discovery dispute.

4. <u>Re-opening Garvey and Loconti depositions.</u>

Defendants argue that they should be able to re-depose Loconti, PTC's founder, and his daughter, Jo Anne Garvey, a PTC shareholder and current PTC employee. Defendants argue that, to the extent plaintiffs provide further discovery pursuant to this order, defendants ought in fairness be permitted to re-open the depositions and ask Garvey and Loconti questions about the documents. Defendants deposed Garvey and Loconti (whom the court notes is ninety-six years old), and each deposition lasted almost a full day. Both Garvey and Loconti answered questions related to their knowledge of alleged PTC resellers and repackagers. The court finds that re-opening those depositions is not warranted.

5.  <u>Protective order for alleged trade secrets.</u>

Plaintiffs claim that the Duerigs misappropriated PTC's trade secrets by taking and/or retaining formulas for PTC's paper thermometer products.  The Duerigs claim, <u>inter alia</u>, that the formulas at issue are not trade secrets because the information can be readily derived from public information and patents Loconti obtained when Loconti was employed by the United States government.  Mindful that plaintiffs would deem this information confidential, defendants seek this discovery pursuant to a protective order.  Plaintiffs do not dispute defendants' right to the discovery; rather, plaintiffs dispute the terms of defendants' proposed protective order.

Defendants propose that plaintiffs provide the discovery to defendants' counsel under the following conditions: (a) defendants' counsel would have sole possession of the discovery, (b) the defendants and their experts would have access only in the presence of defendants' counsel, and (c) defendants' counsel would retain any notes made by either defendants or their experts.

Plaintiffs object to providing a copy of their confidential documents to the defendants.  Plaintiffs propose instead to produce the documents in accordance with defendants' proposed protective order only after redacting from the documents the

chemical ingredients and compound formulations -- the precise data that defendants claim they need to disprove the trade secret claim.  Further, plaintiffs will allow access to the discovery only at the office of the plaintiffs' local counsel upon five days prior written notice and on condition that note-taking is not permitted by counsel, the Duerigs, or their experts.

   Weighing the parties' competing interests, the court concludes that a protective order such as that proposed by defendants is more reasonable.  The court is mindful of plaintiffs' concerns regarding disclosure, but plaintiffs' proposed protective order adequately addresses those concerns by limiting custody of the confidential documents to defendants' counsel and requiring any review by the Duerigs and their experts to be conducted in counsels' presence and under their supervision.  Violations of the protective order would constitute contempt and be punished accordingly.  At the close of the case the documents would be, pursuant to plaintiffs' instructions, either returned or destroyed.

   The court does not approve paragraph six of defendants' proposed protective order, as it is currently worded.  That paragraph shall be redrafted to include a requirement that counsel shall file sealed material with the court in accordance with Local Rule 83.11.  Additionally, the phrase "court

personnel" in the definitional section at 1(c)(iii) must be removed from any proposed protective order, as "court personnel" are not bound by the parties' protective order. Should defendants edit paragraph six to reflect that the parties shall comply with the requirements of Local Rule 83.11 and remove the phrase "court personnel" from 1(c)(iii), and then resubmit their proposed protective order, the court will likely grant it. Any such proposed protective order shall be filed on or before October 28, 2011. As soon as a proposed protective order is filed, the clerk's office shall forward it to the court for expedited ruling.

**Conclusion**

The court grants the Duerig's motion to compel (doc. no. 28) to the extent that it seeks additional discovery related to the PTC Resellers and seeks access to plaintiffs' alleged trade secrets pursuant to a protective order. To the extent the motion seeks discovery beyond that herein described, it is denied. Accordingly, plaintiffs are ordered to produce documents, records and ESI responsive to Interrogatory Nos. 16-17 and RPOD Nos. 16-18 on or before October 28, 2011, and the court will entertain a

renewed proposed protective order on or before October 28, 2011, as outlined above.

    SO ORDERED.

                                    _____
                                    Landya B. McCafferty
                                    United States Magistrate Judge

October 20, 2011

cc:  Gary Ervery Lambert, Esq.
     Victor H. Polk, Jr., Esq.
     William B. Pribis, Esq.
     Cameron G. Shilling, Esq.
     Cathryn E. Vaughn, Esq.